Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7774 | **DATE** | 11/3/2011 |
| **CASE TITLE** | Mark T. Forrester (#M-18867) vs. Illinois Dept. of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $53.21 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to send a copy of this order to the trust fund officer at the Dixon Correctional Center. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted until 12/5/11 to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint by 12/5/11 will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [For further details see text below.]      **Docketing to mail notices.**

## STATEMENT

      Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials and health care providers at the Stateville and Dixon Correctional Centers, have violated Plaintiff's constitutional rights by acting with deliberate indifference to his medical (back pain, heart problems, a broken finger, and other ailments) and psychiatric (anxiety, claustrophobia, severe depression) needs.

      Plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $53.21. The trust fund officer at Plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is authorized and ordered to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of Plaintiff's transfer to another correctional facility.

However, Plaintiff must submit an amended complaint. First, the complaint contains misjoined claims against unrelated Defendants. As discussed in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007),

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. In the context of this case, the Court will consider only whether Plaintiff's medical care at the Stateville Correctional Center fell below constitutional standards. Plaintiff must file a separate lawsuit if he wishes to challenge the quality of his medical care at the Dixon Correctional Center (as well as an additional action or actions to the extent Plaintiff wishes to sue over overcrowding or other conditions of confinement at either facility that he believes to have violated the Eighth Amendment). Plaintiff must submit an amended complaint limited to his medical issues at Stateville.

Furthermore, Plaintiff has not named a proper Defendant. Plaintiff must name those individuals personally and directly responsible for the alleged denial of medical treatment. Plaintiff has failed to state any facts suggesting that Stateville's warden or medical director was involved in–or even aware of–his medical complaints. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted); *see also Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1948 (2009) ("[P]laintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008).

Plaintiff is also advised that the Eleventh Amendment bars suit against the State and state agencies. *See, e.g., Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). Therefore, the Illinois Department of Corrections is not a suable entity.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted until December 5, 2011, to submit an amended complaint on the Court's required form. Plaintiff should include relevant dates, should attempt to set forth his claims in chronological order, and should name as Defendants those
**(CONTINUED)**

**STATEMENT (continued)**

individuals who personally and directly either denied Plaintiff needed medical care or denied him access to health care professionals. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint.

      Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

      The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to amend by December 5, 2011, the case will be summarily dismissed.