# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | AMY J. ST. EVE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7774 | **DATE** | 11/22/2011 |
| **CASE TITLE** | Mark T. Forrester (#M-18867) vs. Illinois Dept. of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

The amended complaint [#8] is stricken. Plaintiff is granted until December 28, 2011, to submit a second amended complaint (plus a judge's copy and service copies). Failure to submit a second amended complaint by December 28, 2011, will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials and health care providers at the Stateville and Dixon Correctional Centers, violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, Plaintiff alleges that he was denied proper care and treatment for priapism.

    Plaintiff has submitted an amended complaint, as directed. *See* Minute Order of November 3, 2011; however, his amended complaint does not comply with the Court's instructions. The amended complaint names as Defendants individuals at two different facilities.

    Again, in the context of this case, the Court will consider only whether Plaintiff's medical care at the Stateville Correctional Center fell below constitutional standards. *See, generally, George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (discussing proper joinder requirements). Plaintiff must file a separate lawsuit if he wishes to challenge the quality of his medical care at the Dixon Correctional Center. *Id.*

    In his amended complaint, the only Stateville employee named as a Defendant is Warden Brian Smith. Plaintiff makes no allegations against Warden Smith; contrary to the Court's directives, the amended complaint almost exclusively concerns Plaintiff's treatment at the Dixon Correctional Center. But to state a claim against Smith, Plaintiff must state facts suggesting Smith's direct, personal involvement in the events giving rise to this lawsuit. *See, e.g., J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983,
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

Furthermore, Plaintiff's only allegation concerning Stateville is his conclusory assertion that it is run in a "disorganized, unprofessional, and grossly negligent manner." (Amended Complaint, p. 4.) Although *pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers, *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009), Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). Factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). In order to survive an initial screening under 28 U.S.C. § 1915A, Plaintiff's second amended complaint must state facts, not conclusions.

For the foregoing reasons, the Court dismisses the amended complaint, without prejudice. Plaintiff is granted until December 28, 2011, to submit a second amended complaint on the Court's required form. Plaintiff must set forth his factual claims relating to his stay at the Stateville Correctional Center, and must name as Defendants those individuals who personally and directly either denied Plaintiff needed medical care or denied him access to health care professionals.

Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **Plaintiff is again reminded that, as with every document filed with the Court, he must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint.** Plaintiff is also cautioned that an amended pleading supersedes prior pleadings and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the second amended complaint, without reference to the original or first amended complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to amend by December 28, 2011, the case will be summarily dismissed.