# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | FREDERICK J. KAPALA | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7774 | **DATE** | September 26, 2012 |
| **CASE TITLE** | Mark T. Forrester vs. Illinois Dept. of Corrections, et al. | | |

**DOCKET ENTRY TEXT:**

The defendants' uncontested motion for summary judgment [#50] is granted. The second amended complaint is dismissed pursuant to 28 U.S.C. § 1997e(a) for failure of the plaintiff to exhaust administrative remedies prior to bringing suit. The case is terminated. All other pending motions are denied as moot.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, a former Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, two physicians at the Dixon Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he was denied proper care and treatment for priapism. This matter is before the court for ruling on the defendants' motion for summary judgment on grounds of non-exhaustion. Although advised of his opportunity to respond, *see* briefing schedule entered August 13, 2011 (Mahoney, Mag. J.), the plaintiff has not filed a brief opposing the motion. For the reasons stated in this order, the uncontested motion is granted.

The defendants have demonstrated that the plaintiff [who was incarcerated at the time he initiated suit] failed to exhaust administrative remedies prior to filing suit. The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner,* 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim **(CONTINUED)**

mjm

**STATEMENT (continued)**

[in federal court]." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).

The defendants assert that the plaintiff sent two letters to correctional officials but never availed himself of formal grievance procedures after his non-emergency grievances were rejected. The defendants' motion is supported by affidavits and prison records.

Together with their motion for summary judgment, the defendants included a "Notice to Pro Se Litigant Mark Forrester Opposing Motion for Summary Judgment" [document no. 49], as required by circuit precedent. That notice clearly explained the requirements of the Local Rules and warned the plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). A motion for summary judgment "requires the responding party to come forward with the evidence that it has--it is the 'put up or shut up' moment in a lawsuit." *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2009) (citations omitted). The court accordingly construes the plaintiff's non-response as a concession that he did not exhaust administrative remedies.

Because the plaintiff implicitly admits that he failed to exhaust administrative grievance procedures, the court has no occasion to consider whether the plaintiff's underlying claims have substantive merit. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits. . . ." *Perez v. Wis. Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). Consequently, the defendants' motion for judgment on the pleadings, along with all other pending motions, are denied as moot.

For the foregoing reasons, the defendants' uncontested motion to dismiss is granted. The second amended complaint is dismissed pursuant to 28 U.S.C. § 1997e(a) for failure of the plaintiff to exhaust administrative remedies prior to bringing suit. The case is terminated.